IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 9, 2014

## DENNIS DAVID SCHUELKE v. BRAD GUDGEON ET AL.

**Appeal from the Circuit Court for Sumner County**
**No. 2013-CV-82     C.L. Rogers, Judge**
_____

**No. M2013-01887-COA-R3-CV - Filed September 23, 2014**
_____

After transferring money to one of the Defendants, Plaintiff filed a complaint to recover the funds. Plaintiff asserts the money was a loan or, in the alternative, that the recipient of the funds solicited the monies without being properly licensed as a securities broker. Following a bench trial, the trial court dismissed Plaintiff's claims, finding that the Plaintiff had requested that the funds be invested on his behalf and that the funds were lost in the options market. Plaintiff appeals, asserting the trial court committed numerous errors. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Dennis David Schuelke, Hendersonville, Tennessee, appellant, Pro Se.

Brad Gudgeon and Pam Gudgeon, Hendersonville, Tennessee, appellees, Pro Se.

# OPINION

Dennis David Schuelke filed a warrant in the General Sessions Court of Sumner County, Tennessee, against Brad Gudgeon and Pam Gudgeon. In the warrant, Mr. Schuelke asserted that "monies [were] given to Mr. and Mrs. Gudgeon that were promised to be returned with a 100% promise, then denied." Following a trial, the general sessions court dismissed the warrant. Mr. Schuelke appealed the decision to the Circuit Court for Sumner County.

In an amended complaint, Mr. Schuelke asserted two claims against Mr. and Mrs. Gudgeon. First, Mr. Schuelke claimed Mr. Gudgeon unlawfully sold him a music CD

for $20 during the summer of 2011. Mr. Schuelke alleged the sale was unlawful because Mr. Gudgeon did not have the requisite peddler's permit from the City of Hendersonville. Second, Mr. Schuelke alleged Mr. Gudgeon owed him a debt of $4,000. Expanding on his claim in the general sessions warrant, Mr. Schuelke asserted that Mr. Gudgeon approached him at his residence in November or December 2011 claiming to be a licensed securities broker. According to Mr. Schuelke, Mr. Gudgeon "asked for money for he and his wife for their own business short term, upon telling Plaintiff he would like to set up an account for Plaintiff after the first of the year." Mr. Schuelke alleges Mr. Gudgeon was not licensed to sell securities and that "Defendants took [his] property of $4,000 under unlawful terms, theft by deception, larceny by trickery, both of which are numerous felonies." Mr. Schuelke sought damages in the amount of $4,000 for the money paid to Mr. Gudgeon and $20 for the CD, plus interest.

Mr. and Mrs. Gudgeon responded to the amended complaint by stating, first, that Mrs. Gudgeon was never a party to the transaction between Mr. Gudgeon and Mr. Schuelke. Second, Mr. and Mrs. Gudgeon asserted that Mr. Gudgeon and Mr. Schuelke entered into a business agreement, not a loan, and that Mr. Schuelke asked Mr. Gudgeon to invest the money on his behalf. They denied that Mr. Gudgeon solicited business from Mr. Schuelke or offered to act as Mr. Schuelke's broker. Mr. and Mrs. Gudgeon asserted a counterclaim against Mr. Schuelke for malicious prosecution, harassment, lost wages, and court costs.

The parties tried their case on July 1, 2013. The trial court issued an Order dated July 18, 2013, dismissing Mr. Schuelke's claims with prejudice. The Gudgeons voluntarily dismissed their counterclaim. In its Order, the court stated the following:

> Plaintiff asserted Defendant had defaulted in repayment of a loan of $4,000.00. The Court finds that the Plaintiff admitted under oath that this was not true. Plaintiff and Defendant were acquaintances. Plaintiff admitted he asked Defendant to invest the $4,000.00 on the Defendant's personal home on-line trading account. Defendant advised Plaintiff of the risk. The parties put in writing and signed their understanding and the statement of the risk involved . . . .
>
> Plaintiff's claim for a loan of $4,000.00 is dismissed. Defendant introduced Exhibits of the bank deposit of Plaintiff's $4,000.00, the transfer of Plaintiff's $4,000.00 to Defendant's individual on-line trade account, the receipt by the trade account of Plaintiff's $4,000.00, the account activity of Plaintiff's $4,000.00 along with Defendant's funds, the trade account beginning balance, the trade activity, and the trade account balance decline over time to zero balance. No account withdrawals or transfers to Defendant

or any other person is shown. No testimony was introduced nor was there any claim made Defendant received or sought to charge or be paid any commission or compensation.

In the alternative, Plaintiff claims Defendant misrepresented his qualifications and the investment account. Plaintiff asserts Defendant was unlicensed to solicit and/or offer to sell investments. Defendant did not solicit or offer to sell any investment to Plaintiff. Plaintiff solicited Defendant. Defendant's only advice to Plaintiff after being requested by Plaintiff to invest, is contained clearly in [the writing signed by the parties.] Plaintiff's action for misrepresentation is dismissed.

The writing referenced by the trial court and signed by both Mr. Schuelke and Mr. Gudgeon provided as follows:

I Brad Gudgeon have received $4,000 from Dennis Schuelke to speculate in the options market, Acc# [xxxx xxxx] w/Options Xpress, INC. Principal to be recovered on first trade.

Dennis Schuelke understands the risks involved in trading options.

Mr. Schuelke appeals the trial court's judgment dismissing his complaint. Mr. Schuelke contends the circuit court erred by: (1) failing to rule on dispositive motions prior to trial; (2) failing to enforce rulings rendered in open court; (3) instructing Mr. Schuelke's witnesses not to appear at the trial to testify, without Mr. Schuelke's knowledge or consent; and (4) preventing Mr. Schuelke from presenting evidence.

Because this case was tried by the court sitting without a jury, we review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Induction Techs., Inc. v. Justus*, 295 S.W.3d 264, 266 (Tenn. Ct. App. 2008). We review a trial court's conclusions of law de novo, according them no presumption of correctness. *Induction Techs., Inc.*, 295 S.W.3d at 266. This scope of review, however, presumes the ability of the appellate court to meaningfully review the issues on appeal.

The record here consists only of the "technical" record (*i.e.* the parties' pleadings and the trial court's orders) and the trial exhibits. As the party raising issues on appeal, Mr. Schuelke was "responsible for furnishing the appellate court with a record that will enable that court to reach the issues raised." *Word v. Word*, 937 S.W.2d 931, 933 (Tenn. Ct. App. 1996); *see* Tenn. R. App. P. 24 (providing for the filing of a transcript or statement of

the evidence).  The allegations of pleadings and statement of facts in briefs are not evidence and not a substitute for a transcript or statement of the evidence.  *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012).  As we have explained, "[w]hen no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *accord Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994).  "Therefore, we may only reverse the trial court's decision if we find, based on the 'technical' record before us, that the trial court committed an error of law." *Flack v. McKinney*, No. W2009-02671-COA-R3-CV, 2011 WL 2650675, at *3 (Tenn. Ct. App. July 6, 2011).

A trial court's decision on a summary judgment motion involves only questions of law.  *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997).  Mr. Schuelke filed a Motion for Summary Judgment[1] on May 21, 2013, and he noticed the motion to be heard on June 24, 2013.  The record does not reveal whether a hearing was in fact held on June 24 or any other day.  Although we cannot discern whether Mr. Schuelke prosecuted his motion for summary judgment, we do know that a trial took place on July 1, 2013.  Because the matter was tried, Mr. Schuelke may not now complain that he did not receive a ruling on his motion for summary judgment.  As Rule 36 of the Tennessee Rules of Appellate Procedure provides, this court:

> [S]hall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order; provided, however, relief may not be granted in contravention of the province of the trier of fact. Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

Tenn. R. App. P. 36(a).  Mr. Schuelke apparently offered his proof at trial without requesting a ruling on his motion for summary judgment.  Having done so, we decline to grant relief for the court's failure to rule on his motion.

Although we may rely on the technical record for resolution of Mr. Schuelke's first

---

[1] Mr. Schuelke also contends the trial court failed to rule on his Motion to Compel, his Motion to Dismiss Counter Claim, and his Motion to Compel, Strike and Deem Admissions Admitted.  However, the trial court did rule on these issues.  Following a hearing on June 3, 2013, the trial court entered an order requiring the parties to submit their respective discovery responses to the circuit court clerk no later than June 5, 2013.  The trial court denied Mr. Schuelke's Motion to Dismiss Counter Claim by Order entered on April 15, 2013.

issue, the absence of a transcript from the trial of this case or a statement of the evidence largely precludes meaningful appellate review of the remaining issues raised on appeal. We have no way of knowing the rulings Mr. Schuelke contends were made in open court or the instructions Mr. Schuelke contends the court made to his witnesses. Moreover, we cannot determine whether the court improperly prevented Mr. Schuelke from presenting evidence in support of his claims. We only know what transpired at trial by reference to the trial court's order of July 18, 2013.

On the issue of excusing the attendance of subpoenaed witnesses on the day of trial, we do know the court permitted some witnesses to be "on call." The trial court's order reflects as much:

> Plaintiff issued trial subpoenas for the Mayor, City Attorney, Chief of Police, Finance Director and Administrative Assistant from the City of Hendersonville. The Court allowed these officials to be placed on call and come to Courthouse when Plaintiff was ready for their presence. Plaintiff announced he had completed his case. The Court specifically asked if he wished to call or saw the need to call any of the witnesses. Plaintiff stated he did not need them to testify.

We find no error in allowing witnesses to be placed on call in such a manner given the circumstances of this case.

The judgment of the trial court is affirmed. The costs of this appeal shall be taxed to the appellant, Dennis David Schuelke, for which execution shall issue, if necessary.

_____
W. NEAL McBRAYER, JUDGE