# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### October 2, 2014 Session

## TED H. LOWE, III[1] ET AL. v. JOSEPH M. BROWN ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-15-11     Dale C. Workman, Judge**

---

### No. E2013-00421-COA-R3-CV-FILED-NOVEMBER 10, 2014

---

This action arose over the unfulfilled terms of a condominium lease entered into between the defendant lessee and the lessor, whose estate initiated this action following the death of the lessor. A judgment in the amount of $16,120.36 was originally entered in favor of the estate by the Knox County General Sessions Court. The lessee appealed to the Knox County Circuit Court for a *de novo* proceeding, and the decedent's personal representatives were substituted as parties for the estate. Following a non-jury trial, the circuit court entered a judgment in favor of the personal representatives in the amount of $15,882.28. The lessee appeals. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J. and D. MICHAEL SWINEY, J., joined.

Joseph M. Brown, Knoxville, Tennessee, Pro Se.

Rufus W. Beamer, Jr., Knoxville, Tennessee, for the appellees, Ted H. Lowe, III, Mary Lowe Graham, and Angela D. Lowe, in their capacities as co-personal representatives of the Estate of Ted H. Lowe, Jr.

---

[1]There is some confusion throughout pleadings and orders in the record of this action as to whether the first-named appellee is Ted H. Lowe, II, or Ted H. Lowe, III. Because the trial court's order substituting Mr. Lowe and the other personal representatives as parties and the parties' address information submitted to this Court both name Ted H. Lowe, III, we have styled this opinion accordingly.

**OPINION**

I. Factual and Procedural Background

The defendant, Joseph M. Brown, and his wife, Jewel M. Brown, entered into a written lease agreement with Ted H. Lowe, Jr. ("the Decedent") on May 9, 2009. According to the terms of the lease agreement, the Browns were to pay $1,200.00 per month in exchange for rental of a condominium unit in Knoxville. The agreement set a fixed term for the lease of approximately fourteen months, beginning May 9, 2009, and ending July 31, 2010. The lease also provided for the possibility of extension or renewal.

The Decedent died suddenly in December 2009 as the result of an automobile accident. It is undisputed that the Browns paid the Decedent $1,200.00 monthly rent through November 2009. It is also undisputed that the Browns did not pay rent in December 2009 or thereafter. In his pleadings and on appeal, Mr. Brown asserts that he and Ms. Brown failed to pay rent because they were attempting unsuccessfully to identify and contact the attorney for the Decedent's estate ("the Estate").

On May 11, 2010, attorney Frank Watkins, acting on behalf of the Estate, filed a detainer warrant action and attempted to serve the Browns. Service of process was unsuccessful, and process was reissued on June 29, 2010, with service by posting and mailing. *See* Tenn. Code Ann. § 29-18-115(e) (2012) (providing for service of process of a detainer warrant through posting on the door of the premises combined with mailing via United States Postal Service first class mail in the event that three documented attempts at personal service of process are unsuccessful). The Estate obtained a default judgment in the Knox County General Sessions Court for possession of the condominium on August 10, 2010. Also on August 10, 2010, process was reissued with notice of a damages hearing set for September 10, 2010. Personal service of process to the Browns was accomplished on August 27, 2010, although the Browns refused to sign for service.

Following a non-jury trial conducted on October 19, 2010, the General Sessions Court awarded a judgment in favor of the Estate in the amount of $16,120.36 and authorized a writ of possession in favor of the Estate for the condominium. Mr. Brown filed a notice of appeal to the Knox County Circuit Court on November 3, 2010. He and Ms. Brown, acting through attorney J. Myers Morton, subsequently filed a "Petition for Certiorari in Lieu of Appeal," on January 14, 2011, which the Circuit Court ("trial court") granted on January 19, 2011.

On March 6, 2012, the trial court entered an order setting the action for trial and substituting the personal representatives of the Estate, Ted H. Lowe, III, Mary Lowe Graham, and Angela D. Lowe ("Personal Representatives"), as the proper plaintiffs. Through an

agreed order entered September 27, 2012, the trial court, *inter alia*, substituted attorney Glen B. Rutherford as the Browns' counsel.

Following a non-jury trial conducted on January 9, 2013, the trial court entered a judgment in the amount of $15,882.28 in favor of the Personal Representatives. Mr. Brown timely appealed.[2]

## II. Issues Presented

Relevant to his appeal of the trial court's judgment in favor of the Personal Representatives, Mr. Brown presents two issues, which we restate as follows:

1.  Whether the trial court erred by awarding a judgment to the Personal Representatives in the amount of $15,882.28.

2.  Whether Mr. Brown received such ineffective assistance of counsel as to warrant a new trial.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

We note that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without

---

[2]As this Court noted in an Order entered November 6, 2013, the notice of appeal was signed only by Mr. Brown, who is not an attorney licensed to practice in Tennessee. Consequently, Ms. Brown is not a party to this appeal. *See* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party.").

benefit of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

## IV.  Judgment in Favor of Personal Representatives

As a threshold matter, we note that although the Personal Representatives do not specifically raise the issue of whether Mr. Brown's appeal should be dismissed for this reason, they do assert in their responsive brief that Mr. Brown's principal brief contains "no colorable compliance with" Tennessee Rule of Appellate Procedure 27 and Tennessee Rule of the Court of Appeals 6 regarding the required contents of appellate briefs[3] so as to afford

---

[3]Tennessee Rule of Appellate Procedure 27 provides in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to

(continued...)

the Personal Representatives an opportunity to respond substantively. Upon careful review, we determine that Mr. Brown's *pro se* brief does not appear to be so deficient as to warrant dismissal based on either Tennessee Rule of Appellate Procedure 27 or Tennessee Rule of the Court of Appeals 6.

Mr. Brown contends that the trial court erred by entering a judgment in favor of the Personal Representatives in the amount of $15,882.28. He makes several factual assertions in his brief on appeal, arguing particularly that (1) the trial court failed to adequately weigh his early attempts to locate the Estate's executor and (2) a witness testified falsely that the Browns had taken appliances from the condominium. As the Personal Representatives note in their brief on appeal, however, we are unable to review the trial court's factual findings because we have not been provided with a transcript of the proceedings or a statement of the evidence. We must therefore assume that a preponderance of the evidence supported the trial

---

[3](...continued)
the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tennessee Rule of the Court of Appeals 6 provides in pertinent part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

court's factual findings. *See Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 48 (Tenn. Ct. App. 2013) ("'It is well settled that, in the absence of a transcript or statement of the evidence, there is a conclusive presumption that there was sufficient evidence before the Trial Court to support its judgment and this Court must therefore affirm the judgment.'") (quoting *Outdoor Mgmt. LLC v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007)).

During the pendency of this appeal and prior to its being set for oral argument, the Personal Representatives filed a motion to dismiss the appeal on the basis that Mr. Brown had failed to timely comply with Tennessee Rule of Appellate Procedure 24. In an Order entered November 6, 2013, this Court denied the motion to dismiss the appeal, stating in pertinent part:

> By order entered August 21, 2013, this Court gave the *pro se* appellant up to and including October 15, 2013, within which to file either a transcript or statement of the evidence for inclusion in the record. By notice dated October 18, 2013, the trial court clerk advised that the appellant had failed to file by the October 15, 2013 deadline either a transcript, statement of the evidence, or notice that neither would be filed. However, on October 15, 2013, the appellant did file a document with the trial court clerk entitled "Brief of Appellant." On October 24, 2013, the appellant also filed a notice stating that there would be no transcript of the evidence filed and that the appeal would be "based on the statement of evidence."

> The Court construes the October 24, 2013 notice as a notice that neither a transcript nor a statement of the evidence will be filed. *See* Tenn. R. App. P. 24(d). The Court is inclined to accept the late-filed notice in order to proceed with the merits of this appeal. *See id.* (requiring such notice to be filed with the trial court clerk within 15 days after the filing of the notice of appeal).

> Accordingly, on the Court's own motion, the appellant's late-filed notice pursuant to Rule 24(d) of the Rules of Appellate Procedure is accepted as timely filed. The time for preparation and transmission of the record by the trial court clerk shall run from the date of entry of this order.

Mr. Brown asserts that no transcript of the evidence was created because his counsel relied on the Personal Representatives' counsel to secure a court reporter, which the Personal Representatives' counsel failed to do. Assuming, *arguendo*, that Mr. Brown's version of events leading to the lack of a court reporter is true, those events can have no bearing on our analysis of the trial court's judgment. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App.

2012) ("'The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts.'") (quoting *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043 at *1 (Tenn. Ct. App. Feb. 6, 2001)).

The record we have now before us consists only of the "technical record," comprised of the parties' pleadings and trial court's orders, and the exhibits admitted at trial. Included in these exhibits is the Lease Agreement entered into on May 9, 2009, by the Browns and the Decedent, demonstrating, *inter alia*, that the Browns had agreed to pay $1,200.00 monthly in rent through July 31, 2010, with any rent installment paid more than five days after the due date subject to a ten-percent late fee. The "Brief of Appellant" filed with the trial court on October 15, 2013, does not constitute a statement of the evidence and was not filed in accordance with Tennessee Rule of Appellate Procedure 24(c). *See Reid*, 388 S.W.3d at 295 ("'A recitation of facts and argument in an appellate brief does not constitute evidence and cannot be considered in lieu of a verbatim transcript or statement of the evidence and proceedings.'") (quoting *In re M.R.*, No. M2007-02532-COA-R3-JV, 2008 WL 2331030 at *3 (Tenn. Ct. App. June 3, 2008)).

In entering its Final Judgment, the trial court stated the following in pertinent part:

> [T]he court heard the testimony of the parties and witnesses in open court, the introduction of documents into evidence and the entire record of the cause. From all of which the court finds the issues joined in favor of the plaintiffs and against the defendants. The court from all of the proof finds and the plaintiffs are entitled to judgment in the principal amount of $15,095.37 together with pre-judgment interest in the amount of $786.91 up to and including January 9, 2013 for a total judgment of $15,882.28.

We stress that the trial court's determinations regarding witness credibility are entitled to great weight on appeal. *See Morrison*, 338 S.W.3d at 426; *Jones,* 92 S.W.3d at 838. Having no transcript of the evidence or statement of the evidence before us, we are compelled to assume that the trial court's decision in favor of the Personal Representatives was supported by the evidence presented at trial. *See Reid*, 388 S.W.3d at 295 (concluding that "[w]ithout a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately," this Court was "compelled to assume that the Circuit Court's decision in favor of Landlord was supported by the evidence submitted at trial.").

## V.  Ineffective Assistance of Counsel

Mr. Brown posits that he is entitled to a new trial because his counsel allegedly represented him ineffectively.  We note that having been provided no transcript or statement of the evidence, we have no record before us demonstrating counsel's representation of Mr. Brown at trial.  Moreover, any such record would be unavailing as to this issue.  Mr. Brown appears to confuse the theory of ineffective assistance of counsel available to criminal petitioners seeking post-conviction relief with a theory available to civil litigants on appeal. *See Welch v. Bd. of Prof'l Responsibility*, 193 S.W.3d 457, 465 (Tenn. 2006) ("While ineffective assistance of counsel is a proper ground for granting relief in a criminal case, there is no such constitutional guarantee to effective counsel in a civil case."); *see also In re Grayson H.*, No. E2013-01881-COA-R3-PT, 2014 WL 1464265 at *13 (Tenn. Ct. App. Apr. 14, 2014) (noting that no theory of ineffective assistance of counsel has been established in parental rights termination cases in Tennessee).  This issue is without merit.

## VI.  Conclusion

For the reasons stated above, we affirm the judgment of the trial court.  This case is remanded to the trial court for enforcement of the judgment and collection of costs below. Costs on appeal are taxed to the appellant, Joseph M. Brown.

_____
THOMAS R. FRIERSON, II, JUDGE