# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs December 4, 2014

## STEVEN REZBA v. MICHAEL REZBA

**Direct Appeal from the Circuit Court for Williamson County**
**No. 2014-47      James G. Martin, III, Judge**

---

**No. M2014-00553-COA-R3-CV - Filed January 7, 2015**

---

Father brought suit against Son in general sessions court for repayment of certain alleged debts. After Father's case was dismissed, he appealed to circuit court, which also dismissed Father's claims after a trial.  Based on the record on appeal, sufficient facts exist to support the trial court's determination, and the decision of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

BRANDON O. GIBSON, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Steven Rezba, *Pro se*, Appellant.

Michael Rezba, *Pro se*, Appellee.

## MEMORANDUM OPINION[1]

### I.  Background

Steven Rezba ("Father") sued Michael Rezba ("Son") in Williamson County General Sessions Court on or about December 31, 2013.  The general sessions warrant indicated that Father was suing Son for "repayment of past loans plus replacement of two 30# R-22 tanks.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Loan of $6796 +plus interest (max) as punitive for forcing me to go to court." The general sessions judgment indicates that the court conducted a trial and that the case was dismissed on or about January 27, 2014. Father appealed to circuit court on February 3, 2014. The case was set for hearing in circuit court on March 10, 2014.

According to the circuit court's order, the court heard testimony from Father and Son. The parties introduced thirteen exhibits at trial. The trial court's order provides as follows:

> [Father] testified that [Son] owed him the sum of $6,796 plus interest and that he should compensate him for certain tanks as described in his civil warrant. [Son] testified that the sum shown for "past debt" was a compilation of monies which [Father] claimed that [Son] owed him. [Son] acknowledged that he received $3,500 from cash from [Father] but testified that the claim for repayment of the sum was satisfied upon a completion of a building to which [Son] devoted his time and attention at the request of [Father.] Further, [Son] testified that the tanks referenced by [Father] were, in fact, picked up from [Son's] premises by an employee of a now defunct company and that he did not have the tanks nor did he have the proceeds from the sale of the tanks.

Based on the evidence presented at trial, the circuit court found that Father failed to carry his burden of proof and therefore dismissed Father's complaint. Father appeals.

## II. Discussion

Both Father and Son appear before this Court *pro se*, as they apparently appeared before both the general sessions and circuit courts. Father's brief on appeal is severely deficient, and we are unable to determine exactly what issues Father is attempting to raise on appeal. Based on what we can glean from Father's brief, he is unhappy with both the general sessions and the circuit courts' rulings against him, and we surmise that Father's issue on appeal is:

> Whether the trial court's findings of fact and conclusions of law are not supported by the testimony and evidence presented at trial and, therefore, require reversal.

We review a trial court's findings of fact *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *In re: Keara J.*, 376 S.W.3d 86, 94 (Tenn. Ct. App. 2012). We review questions of law *de novo* with no presumption of correctness. *Id*.

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). We are mindful that many *pro se* litigants have no legal training and may have little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, we cannot excuse *pro se* litigants from complying with substantive and procedural rules with which we expect represented parties to comply. *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003), *citing Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996).

Despite giving both parties the benefit of the doubt, procedural shortcomings in the record on appeal and in the briefs prevent us from reaching any substantive issues. First, we address the shortcomings in Father's brief. Tennessee Rule of Appellate Procedure 27(a)(4) requires that a brief contain "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). Although Father's brief contains a section titled "STATEMENT OF THE ISSUE PRESENTED FOR REVIEW," this section, which spans a full page, is composed of bullet points of disputed facts presented to the general sessions court and the circuit court.

Father's brief further fails to comply with Tenn. R. App. P. 27(a)(2) and (7). The brief fails to cite to any case, statute, or other authority to support his position. While the "STATEMENT OF FACTS" section of his brief references exhibits introduced during the trial in circuit court, the "ARGUMENT" section of the brief is less than one-half of a page and contains absolutely no citation to the record or to any authority as required by Tenn. R. App. P. 27(a)(7).

In *Bean v. Bean*, this Court observed:

Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue. *See State v. Schaller*, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994); *State v. Dickerson*, 885 S.W.2d 90, 93 (Tenn. Crim. App. 1993). Moreover, an issue is waived where it is simply raised without any argument regarding its merits. *See Blair v. Badenhope*, 940 S.W.2d 575, 576-577 (Tenn. Ct. App. 1996); *Bank of Crockett v. Cullipher*, 752 S.W.2d 84, 86 (Tenn. Ct. App. 1998). . . .

. . . . Court is under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief. *Duchow v. Whalen*, 872 S.W.2d 692, 693 (Tenn. Ct. App. 1993) (citing *Airline Const. Inc. v. Barr*, 807 S.W.2d 247 (Tenn. Ct. App. 1990)).

*Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000). Given Father's failure to comply with Tenn. R. App. P. 27, we find that Father has waived any issues he may have attempted to raise on appeal.

We are also unable to reach the substantive issues in this matter because of Father's failure to comply with Tenn. R. App. P. 24. Tennessee Rule of Appellate Procedure 24 addresses the content and preparation of the record. The Rule states, in relevant part:

> (a) **Content of the Record**. The record on appeal *shall* consist of (1) copies, certified by the clerk of the trial court, of all papers filed in the trial court except as hereafter provided; (2) the original of any exhibits filed in the trial court; (3) the transcript or statement of the evidence or proceedings, which shall clearly indicate and identify any exhibits offered in evidence and whether received or rejected.
> . . . .
> (c) **Statement of the Evidence When no Report, Recital, or Transcript Is Available**. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, . . . the appellant *shall* prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant . . . as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal.

Tenn. R. App. P. 24 (emphasis added). After being directed to comply with Tenn. R. App. P. 24 or show cause why this appeal should not be dismissed for failure to comply with that rule, Father filed a notice with this Court stating that "no transcript is available, or statement of the evidence will be filed. My [b]rief will [s]tate my case." However, statements of "facts in briefs are not evidence and not a substitute for a transcript or statement of the evidence." *Schuelke v. Gudgeon*, No. M2013-01887-COA-R3-CV, 2014 WL 4725192, *3 (Tenn. Ct. App. Sept. 23, 2014) (citing *Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012)).

The Tennessee Rules of Appellate Procedure place the responsibility for the preparation of the transcript or a statement of evidence on the parties, and the appellant has the primary burden to see that a proper record is prepared and filed in this Court. Tenn. R. App. P. 24; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). In this case,

the record contains no transcript of the trial, nor is there a statement of the evidence.

Tennessee Rule of Appellate Procedure 13(d) directs this Court to review the evidence in the record to determine whether there is material evidence to support the ruling of the trial court. "Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, W2006-00061-COA-R3-CV, 2007 WL 177902, at *3 (Tenn. Ct. App. 2007). When an appellant does not comply with Rule 24, this Court must presume that every fact admissible under the pleadings was found or should have been found in the appellee's favor. *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987); *Richmond v. Richmond*, 690 S.W.2d 534, 536 (Tenn. Ct. App. 1985); *In re Rockwell*, 673 S.W.2d 512, 516 (Tenn. Ct. App. 1983). In this circumstance, this Court must presume that there was sufficient evidence before the trial court to support its judgment. *PNC Multifamily Capital Inst. Fund XXVI Ltd. P'ship v. Mabry*, 402 S.W.3d 654, 661 (Tenn. Ct. App. 2012), *perm. app. denied* (Tenn. Apr. 10, 2013)*; Outdoor Mgmt. LLC. v. Thomas*, 249 S.W.3d 368, 377 (Tenn. Ct. App. 2007). The facts found by the trial court are conclusive on appeal, and we must conclude that there is sufficient evidence in the record to support those findings. Accordingly, we must affirm the judgment of the trial court.

## III. Conclusion

For the aforementioned reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are taxed to the appellant, Steven Rezba, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE