IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief May 4, 2012

## ALMOND REID v. NIGEL REID, SR.

### Appeal from the Circuit Court of Hamblen County
No. 11CV227TJW     Tom Wright, Circuit Court Judge

### No. E2011-02663-COA-R3-CV-FILED-AUGUST 9, 2012

This appeal involves a dispute between brothers. One brother owned an apartment complex and leased one of the apartments to his brother. The tenant brother allegedly failed to pay rent to the landlord brother. The landlord brother filed a forcible entry and detainer action in general sessions court seeking possession of the property and a judgment for the unpaid rent. The general sessions court entered a judgment in favor of the landlord brother. The tenant brother appealed to circuit court. The circuit court conducted a trial *de novo*. After the trial, the circuit court awarded the landlord brother possession of the property and a judgment for the unpaid rent. The tenant brother now appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Almond Reid, Plaintiff/Appellee, *pro se,*[1] Central Islip, New York

Nigel Reid, Sr., Defendant/Appellant, *pro se*, Morristown, Tennessee

---

[1]Some pleadings in the file list the apartment manager, Beverly LeDoux, as appearing or filing pleadings on behalf of Plaintiff/Appellee Almond Reid. Ms. LeDoux is not a licensed Tennessee attorney and therefore cannot appear or file pleadings on behalf of anyone else in a Tennessee court. *See* Tenn. Sup. Ct. R. 7. §1.01; Tenn. Code Ann. § 23-3-103 (2009). It appears that the essential pleadings were filed by Almond Reid *pro se*, rather than by Ms. LeDoux, so we will consider the merits of the appeal. *See Northcutt v. Northcutt*, NO. M2006-00295-COA-R3-CV, 2007 WL 3332851, at *3 (Tenn. Ct. App. Nov. 8, 2007).

## OPINION

### FACTS AND PROCEEDINGS BELOW

Plaintiff/Appellee Almond Reid ("Landlord") owns an apartment complex located in Morristown, Tennessee. Landlord agreed to rent an apartment in the complex to his brother Defendant/Appellant Nigel Reid, Sr. ("Tenant"). There is some indication in the record that Tenant suffers from an unspecified disability, for which he receives disability benefits.[2]

In September 2011, Landlord filed a forcible entry and detainer (F.E.D.) action in the General Sessions Court of Hamblen County, Tennessee, to evict Tenant from the apartment, seeking a judgment for unpaid rent and a writ of possession. After a trial, the General Sessions Court awarded Landlord a judgment in the amount of $1400 and the requested writ of possession.

Tenant appealed the decision of the General Sessions Court to the Circuit Court for the Third Judicial District at Morristown, Tennessee, for a trial *de novo*. *See* Tenn. Code Ann. § 27-5-108 (Supp. 2011). The trial was conducted on December 14, 2011, after which the Circuit Court entered an order granting Landlord a judgment for unpaid rent in the amount of $2,150, as well as a writ of possession for the property. Tenant now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Tenant argues that the trial court committed error in awarding Landlord a judgment and a writ of possession for the property.

Ordinarily, the trial court's findings of fact are presumed to be correct unless the preponderance of the evidence in the record is otherwise. Tenn. R. App. P. 13(d)); *Nashville Ford Tractor, Inc. v. Great Am. Ins. Co.*, 194 S.W.3d 415, 424-25 (Tenn. Ct. App. 2005). In this case, however, we have neither a transcript of the proceedings nor a statement of the evidence. *See* Tenn. R. App. P. 24 (2011). We have only what is commonly referred to as the "technical record," *i.e.*, the parties' pleadings and the orders of the trial court. Therefore, the trial court's factual findings cannot be reviewed, with a presumption of correctness or

---

[2] In his pleadings filed with the trial court, Tenant did not explain his disability but contended that the dispute with his brother regarding the apartment "has put me under a lot of stress that is very unbearable/is hard to deal whit BUT I thank God that GOD, HAS, Motavated ME, To, OPEN, My, C-W-U-R-C-H, T-H-A, C-H-U-R-C-H. OF, THA, LIVEN. ROCK.: that his Blessing keeps me strong.:\\" Tenant's appellate brief states that he has "a Mental Disability disease of Bipolarism. . . ." Landlord's appellate brief contends that potential tenants are fearful of his brother and are therefore unwilling to rent apartments in the complex, which leaves Landlord in danger of losing the property to foreclosure.

otherwise, because the record on appeal contains no record of the evidence or even of the trial court's findings of fact. *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2005).

## ANALYSIS

In his appellate brief, Tenant argues that he "can and will prove" various things related to his dispute with Landlord, such as the details of his lease arrangement, whether Landlord treated the premises for bedbugs, and the fact that child support is garnished from Tenant's disability income. The jurisdiction of this Court is appellate only; we cannot hear proof and decide the merits of the parties' allegations in the first instance. *See* Article VI, section 2 of the Tennessee Constitution; Tenn. Code Ann. § 16-4-108(a)(1); *Peck v. Tanner*, 181 S.W.3d 262, 265-66 (Tenn. 2005). Therefore, we may only consider the record from the trial court.

The record presented in this case is sparse indeed. Ordinarily, in an appeal to this Court, the parties provide the appellate court with a verbatim transcript of the trial court proceedings or, in lieu of that, the parties prepare a statement of the evidence, approved by the trial court, that summarizes the evidence presented at trial. *See* Tenn. R. App. P. 24. In this case, we have neither; we have only the technical record. Moreover, because this case is an appeal from an F.E.D. action in general sessions court, the pleadings are "bare bones" form pleadings that contain minimal information.

This Court has appellate jurisdiction only; the Court's power to review is limited to those "factual and legal issues for which an adequate legal record has been preserved." *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1; 2001 Tenn. App. LEXIS 75, at *4 (Tenn. Ct. App. Feb. 6, 2001) (citing *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976); *Trollinger v. Tenn. Farmers Mut. Ins. Co.*, No. 58, 1989 WL 22766, at *2; 1989 Tenn. App. LEXIS 179 (Tenn. Ct. App. Mar. 17, 1989)). Our authority to review a trial court's decision is limited to those issues for which an adequate legal record has been preserved. *Taylor v. Allstate Ins. Co.*, 158 S.W.3d 929, 931 (Tenn. Ct. App. 2004). "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts." *Trusty*, 2001 WL 96043, at *1; 2001 Tenn. App. LEXIS 75, at *4 (citing Tenn. R. App. P. 24(b); *Taylor*, 158 S.W.3d at 931; *Realty Shop, Inc. v. RR Westminister Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App. 1999); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)).

In his appellate brief, Tenant cites numerous facts not in the record and attaches documents that have not been made part of the trial court record. "A recitation of facts and argument in an appellate brief does not constitute evidence and cannot be considered in lieu of a

verbatim transcript or statement of th evidence and proceedings." ***In re M.R.***, No. M2007-02532-COA-R3-JV, 2008 WL 2331030, at *3 (Tenn. Ct. App. June 3, 2008). "The law is clear that statements of fact made in or attached to pleadings [or] briefs . . . are not evidence and may not be considered by an appellate court unless they are properly made part of the record," *i.e.*, approved by the trial court. ***Threadgill v. Bd. of Pro'l Resp.***, 299 S.W.3d 792, 812 (Tenn. 2009).

Without a complete record or sufficient statement of the evidence from which to determine whether the trial court acted appropriately, we "must assume the sufficiency of the evidence to support the judgment." ***Taylor***, 108 S.W.3d at 931 (quoting ***Houston v. Mounger***, No. E2002-00779-COA-R3-CV, 2003 WL 22415363, at *2 (Tenn. Ct. App. Oct. 23, 2003)). Without an adequate record containing the facts of the case, this Court "must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." ***Id.*** (quoting ***Sherrod v. Wix***, 849 S.W.2d 780, 784 (Tenn. Ct. App. 1992)). Tennessee courts have long held that "in the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found in favor of the Appellee." ***Britt***, 2007 WL 177902, at *3; 2007 Tenn. App. LEXIS 38, at *8 (citing ***Leek v. Powell***, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1996); ***Lallemand v. Smith***, 667 S.W.2d 85, 87-88 (Tenn. Ct. App. 1983)).

Therefore, under the circumstances, we are compelled to assume that the Circuit Court's decision in favor of Landlord was supported by the evidence submitted at trial. Accordingly, we affirm the Circuit Court's judgment against Tenant.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Nigel Reid, Sr., for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE