IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2020 Session

**ALVIN RAY ET AL. v. ANTHONY WILLOUGHBY**

**Appeal from the Circuit Court for Shelby County**
**No. CT-003486-17  Robert Samual Weiss, Judge**

_____

**No. W2019-00646-COA-R3-CV**

_____

A pro se defendant appeals a judgment entered against him on a promissory note. Because the defendant failed to file a transcript or statement of evidence, we presume that the trial court's findings are supported by the evidence.  In light of that presumption, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Anthony Willoughby, Germantown, Tennessee, pro se appellant.

George F. Higgs and Brittan Webb Robinson, Memphis, Tennessee, for the appellees, Alvin Ray and Carla Ray.

**MEMORANDUM OPINION**[1]

        We only have the technical record before us.  We glean from that and the briefs of the parties that Alvin Ray and Anthony Willoughby were business partners.  The partnership purchased a fourplex shopping center using $87,500 borrowed from First Alliance Bank.  The shopping center served as collateral on the loan.

        Sometime later, the partners discovered an issue with the title to the shopping center.  So they agreed to dissolve their partnership.  This left the issue of the outstanding debt to First Alliance, which was now unsecured due to the title issue.  Mr. Ray and

_____

[1] Under the rules of this Court, as a memorandum opinion, this opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Mr. Willoughby each signed separate promissory notes for one-half of the $52,160 balance of the debt. Mr. Ray's spouse joined him in his note, and they also jointly agreed to guarantee Mr. Willoughby's note.

In 2016, the Rays purchased Mr. Willoughby's note from First Alliance. First Alliance sent notice of the transfer to Mr. Willoughby and advised him to make payments to the Rays.

Later that year, the Rays sued Mr. Willoughby in general sessions court. Mr. Willoughby, acting pro se, counterclaimed and asserted third-party claims against First Alliance and two bank employees. Mr. Willoughby alleged that the Rays had conspired with First Alliance to change the structure of his loan without his knowledge. The general sessions court dismissed Mr. Willoughby's claims and awarded the Rays a judgment of $33,333.23.

Mr. Willoughby appealed to the circuit court. After conducting a trial, the court awarded the Rays a judgment against Mr. Willoughby of $30,666, which included $5,667 in attorney's fees. The court also dismissed Mr. Willoughby's counterclaim and third-party claims. Mr. Willoughby moved to set aside the court's order without success.

Mr. Willoughby appeals. As an initial matter, the Rays complain that Mr. Willoughby has not complied with Rule 27(a) of the Tennessee Rules of Appellate Procedure, which specifies the requirements for an appellant's brief. *See* Tenn. R. App. P. 27(a). They submit that Mr. Willoughby's issues on appeal should be deemed waived and that his appeal should be dismissed.

Even as a pro se appellant, Mr. Willoughby "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted). Yet, "[t]he Tennessee Rules of Appellate Procedure should be construed to afford all parties a hearing on the merits." *Paehler v. Union Planters Nat. Bank, Inc.*, 971 S.W.2d 393, 397 (Tenn. Ct. App. 1997). So we "give pro se litigants who are untrained

2

in the law a certain amount of leeway in drafting their pleadings and briefs." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler*, 971 S.W.2d at 397). And "we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Id.*

We agree with the Rays that Mr. Willoughby's brief fails to comply with the requirements of the Tennessee Rules of Appellate Procedure. The brief also fails to comply with the rules of this Court. *See* Tenn. Ct. App. R. 6(a) (listing the requirements for written argument in briefs). But here we exercise our discretion to consider the merits of Mr. Willoughby's appeal despite the deficiencies in his appellate brief. *See* Tenn. R. App. P. 2 (allowing this Court to suspend the requirements of the Tennessee Rules of Appellate Procedure "[f]or good cause"). We do so because our review is limited to a technical record of less than 100 pages and because there is another problem with Mr. Willoughby's appeal that we cannot excuse.

Mr. Willoughby raises four issues for our review. We quote them verbatim below:

1. On the 22nd day of March, 2019, Alvin Ray a Board Director of First Alliance Bank while under sworn oath in his Testimony committed Perjury that he had never borrowed $11,800 from Anthony Willoughby in the Circuit Court proceedings CT-003486-17

2. On the 22nd day of March, 2019, Hunt Campbell, President-First Alliance Bank while under sworn oath in his Testimony committed Perjury that he did not meet and conspire with Alvin Ray-a Board Director, to purchase a Bank note and file suit against Anthony Willoughby in the Circuit Court proceedings CT-003486-17

3. On the 22nd day of March, 2019, Melanie Cooley, Vice President-First Alliance Bank while under sworn oath in her Testimony committed Perjury that she did not attend a meeting with Hunt Campbell, First Alliance Bank President, Alvin Ray, First Alliance Bank Director, John Luke, First Alliance Bank Loan Officer as Hunt Campbell advised Alvin Ray to purchase a First Alliance Bank note with Anthony Willoughby as Borrower and then file suit against Anthony Willoughby in the Circuit Court proceedings CT-003486-17

4. On the 15th day of December 2016 Alvin and Carla Ray filed in Shelby County General Sessions Court at Memphis a Civil Warrant No. 1829670 on a single Bank note and that on the 29th day of March 2019 the Circuit Court of Tennessee at Memphis confirmed a Judgment for more than one Bank note to the Plaintiff, Alvin Ray in the amount of $30,666.00

3

As we perceive the issues and as he explained at oral argument, Mr. Willoughby contends that the trial court's judgment is not supported by the evidence.

In a non-jury case such as this one, we review the record de novo with a presumption of correctness as to the trial court's determination of facts, and we must honor those findings unless the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law are afforded no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993).

Tennessee Rule of Appellate Procedure 24 requires an appellant to prepare a record conveying a "fair, accurate, and complete account" of what happened at trial so that we may evaluate the issues raised on appeal. Tenn. R. App. P. 24; *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). "[T]o demonstrate that evidence preponderates against the judgment of the trial court," the appellant must "provide . . . a transcript of the evidence or a statement of the evidence from which we can determine whether the evidence preponderates for or against the findings of the trial court." *In re M.L.D.*, 182 S.W.3d at 894-95. The recitation of facts and arguments contained in briefs do not constitute evidence that we may consider in lieu of evidence properly entered into the record. *Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012); *Flack v. McKinney*, No. W2009-02671-COA-R3-CV, 2011 WL 2650675, at *2 (Tenn. Ct. App. July 6, 2011). If a transcript or statement of the evidence is unavailable, we must conclusively presume that the trial court's findings are supported by the evidence. *In re M.L.D.*, 182 S.W.3d at 895; *Word v. Word*, 937 S.W.2d 931, 932 (Tenn. Ct. App. 1996); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994); *Flack*, 2011 WL 2650675, at *3. Thus, when the issues raised on appeal turn on the facts presented at trial, the lack of a transcript or a statement of the evidence is generally "fatal" to the appeal. *Piper v. Piper*, No. M2005-02541-COA-R3-CV, 2007 WL 295237, at *4 (Tenn. Ct. App. Feb. 1, 2007).

Here, Mr. Willoughby provided neither a transcript nor a statement of the evidence. Because Mr. Willoughby's issues turn on the facts presented at trial, our hands are tied. *See Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 WL 2393698, at *6 (Tenn. Ct. App. June 26, 2012) ("The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court."). In light of the presumption that the trial court's findings are supported by the evidence, we must affirm the trial court's judgment.

_____
W. NEAL McBRAYER, JUDGE

4