IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2021

**IN RE CHANCE B. ET AL.**

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-AD-20-14      Laurence M. McMillan, Jr., Chancellor**

_____

**No. M2020-01555-COA-R3-PT**

_____

This appeal involves the termination of a mother's parental rights. The Trial Court found the mother to be indigent and appointed counsel to represent her. The Trial Court conducted a trial and entered an order finding that two statutory grounds of abandonment existed for termination of the mother's parental rights and that termination was in the children's best interest. There is no transcript or statement of the evidence included in the record to permit appellate review of the mother's issues on appeal concerning the termination of her parental rights. As such, we vacate the Trial Court's judgment terminating the mother's parental rights to the children and remand to the Trial Court for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Amy C. Bates and Aaron R. Winters, Clarksville, Tennessee, for the appellant, Heather B.

James R. Potter, Clarksville, Tennessee, for the appellees, Jennie B. and Troy B.

**OPINION**

**Background**

Troy B. ("Father") and Jennie B. ("Stepmother") filed a petition in March 2020, seeking to terminate the parental rights of Heather B. ("Mother") to the minor children, Chance B. and Isaiah B. (collectively, "the Children"), and to allow Stepmother to adopt

the Children. Mother subsequently filed an "affidavit" in response to the petition, objecting to the stepparent adoption.

In August 2020, the Trial Court entered an order finding Mother to be indigent and appointing counsel to represent her in this termination of parental rights proceeding. A trial regarding the termination petition was scheduled for September 2020. Prior to trial, Mother, now represented by counsel, filed an answer to the petition filed by Father and Stepmother (collectively, "Petitioners"). In her answer, Mother denied that termination of her parental rights was in the Children's best interest and included as a defense that Petitioners could not prove by clear and convincing evidence that statutory grounds existed to terminate Mother's parental rights.

The Trial Court conducted a trial in September 2020. Petitioners, Mother, and the court-appointed guardian ad litem each filed with the Trial Court their respective proposed findings of fact and conclusions of law following trial. The Trial Court subsequently entered an order in October 2020, terminating Mother's parental rights upon its conclusion that Mother had abandoned the Children by her failure to support the Children financially and her failure to visit the Children. The Trial Court further found that termination of Mother's parental rights was in the Children's best interest.

Mother timely appealed to this Court. During the appeal, this Court entered an order requiring Mother to file a transcript of the evidence within fourteen days or show cause why the appeal should not be dismissed. Mother subsequently filed a notice that she did not intend to file a transcript in this matter because there was "no substantially verbatim recital or transcript of the evidence or proceedings in the trial court." The record on appeal does not contain either a transcript of the proceedings or a statement of the evidence, pursuant to Tennessee Rule of Appellate Procedure 24.

## Discussion

Although not stated exactly as such, Mother raises the following issues for our review on appeal: (1) whether the Trial Court erred in finding by clear and convincing evidence that Mother had abandoned the Children by failing to visit them, (2) whether the Trial Court erred in finding by clear and convincing evidence that Mother had abandoned the Children by failing to support them financially, and (3) whether the Trial Court erred in finding by clear and convincing evidence that termination of Mother's parental rights was in the Children's best interest.

As our Supreme Court has instructed regarding the standard of review in parental rights termination cases:

A parent's right to the care and custody of her child is among the oldest of the judicially recognized fundamental liberty interests protected by the Due Process Clauses of the federal and state constitutions.[1] *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *In re Adoption of Female Child*, 896 S.W.2d 546, 547-48 (Tenn. 1995); *Hawk v. Hawk*, 855 S.W.2d 573, 578-79 (Tenn. 1993). But parental rights, although fundamental and constitutionally protected, are not absolute. *In re Angela E.*, 303 S.W.3d at 250. "'[T]he [S]tate as *parens patriae* has a special duty to protect minors . . . .' Tennessee law, thus, upholds the [S]tate's authority as *parens patriae* when interference with parenting is necessary to prevent serious harm to a child." *Hawk*, 855 S.W.2d at 580 (quoting *In re Hamilton*, 657 S.W.2d 425, 429 (Tenn. Ct. App. 1983)); *see also Santosky v. Kramer*, 455 U.S. 745, 747, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In re Angela E.*, 303 S.W.3d at 250. "When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it." *Santosky*, 455 U.S. at 759, 102 S.Ct. 1388. "Few consequences of judicial action are so grave as the severance of natural family ties." *Id.* at 787, 102 S.Ct. 1388; *see also M.L.B. v. S.L.J.*, 519 U.S. 102, 119, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996). The parental rights at stake are "far more precious than any property right." *Santosky*, 455 U.S. at 758-59, 102 S.Ct. 1388. Termination of parental rights has the legal effect of reducing the parent to the role of a complete stranger and of "severing forever all legal rights and obligations of the parent or guardian of the child." Tenn. Code Ann. § 36-1-113(*l*)(1); *see also Santosky*, 455 U.S. at 759, 102 S.Ct. 1388 (recognizing that a decision terminating parental rights is "*final* and irrevocable"). In light of the interests and consequences at stake, parents are constitutionally entitled to "fundamentally fair procedures" in termination proceedings. *Santosky*, 455 U.S. at 754, 102 S.Ct. 1388; *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 27, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (discussing the due process right of parents to fundamentally fair procedures).

Among the constitutionally mandated "fundamentally fair procedures" is a heightened standard of proof – clear and convincing evidence. *Santosky*, 455 U.S. at 769, 102 S.Ct. 1388. This standard

---

[1] U.S. Const. amend. XIV § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ."). Similarly, article 1, section 8 of the Tennessee Constitution states "[t]hat no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land."

minimizes the risk of unnecessary or erroneous governmental interference with fundamental parental rights. *Id.*; *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d at 596 (citations omitted). The clear-and-convincing-evidence standard ensures that the facts are established as highly probable, rather than as simply more probable than not. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005).

Tennessee statutes governing parental termination proceedings incorporate this constitutionally mandated standard of proof. Tennessee Code Annotated section 36-1-113(c) provides:

> Termination of parental or guardianship rights must be based upon:
>
> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and
> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

This statute requires the State to establish by clear and convincing proof that at least one of the enumerated statutory grounds[2] for termination exists and that termination is in the child's best interests. *In re Angela E.*, 303 S.W.3d at 250; *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006); *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). "The best interests analysis is separate from and subsequent to the determination that there is clear and convincing evidence of grounds for termination." *In re Angela E.*, 303 S.W.3d at 254. Although several factors relevant to the best interests analysis are statutorily enumerated,[3] the list is illustrative, not exclusive. The parties are free to offer proof of other relevant factors. *In re Audrey S.*, 182 S.W.3d at 878. The trial court must then determine whether the combined weight of the facts "amount[s] to clear and convincing evidence that termination is in the child's best interest." *In re Kaliyah S.*, 455 S.W.3d 533, 555 (Tenn. 2015). These requirements ensure that each parent receives the constitutionally required "individualized determination that a parent is either unfit or will cause

---

[2] Tenn. Code Ann. § 36-1-113(g)(1)-(13).
[3] Tenn. Code Ann. § 36-1-113(i).

substantial harm to his or her child before the fundamental right to the care and custody of the child can be taken away." *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999).

Furthermore, other statutes impose certain requirements upon trial courts hearing termination petitions. A trial court must "ensure that the hearing on the petition takes place within six (6) months of the date that the petition is filed, unless the court determines an extension is in the best interests of the child." Tenn. Code Ann. § 36-1-113(k). A trial court must "enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." *Id*. This portion of the statute requires a trial court to make "findings of fact and conclusions of law as to whether clear and convincing evidence establishes the existence of each of the grounds asserted for terminating [parental] rights." *In re Angela E.*, 303 S.W.3d at 255. "Should the trial court conclude that clear and convincing evidence of ground(s) for termination does exist, then the trial court must also make a written finding whether clear and convincing evidence establishes that termination of [parental] rights is in the [child's] best interests." *Id*. If the trial court's best interests analysis "is based on additional factual findings besides the ones made in conjunction with the grounds for termination, the trial court must also include these findings in the written order." *Id*. Appellate courts "may not conduct de novo review of the termination decision in the absence of such findings." *Id*. (citing *Adoption Place, Inc. v. Doe*, 273 S.W.3d 142, 151 & n.15 (Tenn. Ct. App. 2007)).

### *B. Standards of Appellate Review*

An appellate court reviews a trial court's findings of fact in termination proceedings using the standard of review in Tenn. R. App. P. 13(d). *In re Bernard T.*, 319 S.W.3d at 596; *In re Angela E.*, 303 S.W.3d at 246. Under Rule 13(d), appellate courts review factual findings de novo on the record and accord these findings a presumption of correctness unless the evidence preponderates otherwise. *In re Bernard T.*, 319 S.W.3d at 596; *In re M.L.P.*, 281 S.W.3d 387, 393 (Tenn. 2009); *In re Adoption of A.M.H.*, 215 S.W.3d 793, 809 (Tenn. 2007). In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights. *In re Bernard T.*, 319 S.W.3d at 596-97. The trial court's ruling that the evidence sufficiently supports termination of parental rights is a conclusion of law, which appellate courts review de novo with no presumption of

correctness. *In re M.L.P.*, 281 S.W.3d at 393 (quoting *In re Adoption of A.M.H.*, 215 S.W.3d at 810). Additionally, all other questions of law in parental termination appeals, as in other appeals, are reviewed de novo with no presumption of correctness. *In re Angela E.*, 303 S.W.3d at 246.

*In re Carrington H.*, 483 S.W.3d 507, 521-24 (Tenn. 2016) (footnotes in original but renumbered). In combination with a best interest finding, clear and convincing evidence supporting any single ground will justify a termination order. *E.g., In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002).

Concerning our ability to review Mother's issues on appeal, we first address whether a sufficient record has been presented to permit appellate review of the termination of Mother's parental rights. Petitioners argue on appeal that this Court should dismiss Mother's appeal as frivolous. According to Petitioners, Mother's appeal has no reasonable chance of success because "the reviewing court's ability to address the issues raised is undermined by [Mother's] failure to provide an adequate record." In other types of civil cases, we assume that in the absence of a sufficient factual record that, if the evidentiary record had been preserved, the evidence would have supported the trial court's findings of fact. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012). However, Petitioners overlook the fact that this is a parental termination action, as well as the detail that Mother was indigent during trial. In termination of parental rights cases where the parent is indigent, this Court has held that the trial court must ensure that a sufficiently complete record is created and available on appeal for a parent seeking to appeal the termination of his or her parental rights. *See In re Connor B.*, 603 S.W.3d 773, 785 (Tenn. Ct. App. 2020) (internal citations omitted); *In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628, at *4 (Tenn. Ct. App. Aug. 16, 2000).

In this case, there is neither a transcript nor a statement of the evidence in the record on appeal. Because the record is insufficient to allow us to conduct a meaningful review of the statutory grounds for termination and the best interest analysis, we vacate the Trial Court's judgment. This matter is remanded for the Trial Court to develop a sufficiently complete record, consisting of either a verbatim transcript or a statement of evidence detailing the evidence presented during trial to support the Trial Court's findings of fact and conclusions of law. We caution the Trial Court and parties that only in extremely rare circumstances will a statement of evidence in a parental termination action be sufficiently complete to allow for proper appellate review. *See In re Connor B.*, 603 S.W.3d 773, 785 (Tenn. Ct. App. 2020) (internal citations omitted); *L.D.N. v. R.B.W.*, No. E2005-02057-COA-R3-PT, 2006 WL 369275, at *5 (Tenn. Ct. App. Feb. 17, 2006).

If such a record is available, the Trial Court may enter its judgment on the termination petition based on the previous hearing conducted in September 2020. However, if a transcript or a detailed statement of the evidence is not possible for whatever

reason, the Trial Court shall conduct a new trial. If Mother continues to be indigent during the new trial, the Trial Court "shall ensure the availability of a record of trial evidence and events which is sufficiently complete to allow an appellate court to review the evidence in accordance with applicable standards." *See In re Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628, at *4 (Tenn. Ct. App. Aug. 16, 2000).

## **Conclusion**

The Trial Court's judgment terminating Mother's parental rights is vacated. This matter is remanded to the Trial Court for further proceedings consistent with this Opinion. Costs on appeal are taxed 50% to the appellant, Heather B., and 50% to the appellees, Jennie B. and Troy B.

_____
D. MICHAEL SWINEY, CHIEF JUDGE