IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 2, 2021

## LOLA BERNICE ROBINSON v. LEAH M. ROBINSON ET AL.

**Appeal from the Chancery Court for Washington County
No. 19-CV-0641     John C. Rambo, Chancellor**

_____

### No. E2021-00034-COA-R3-CV

_____

This case involves a dispute over a parcel of real property. The appellant filed suit alleging fraudulent conveyance of the property. The trial court granted a judgment in favor of the appellee, finding that the appellant did not meet her burden of proof to establish fraud, undue influence, or lack of capacity. For the reasons stated herein, we affirm the trial court's decision. Additionally, we award the appellee her attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Thomas A. Peters, Kingsport, Tennessee, for the appellant, Charlotte Richards.

Charles J. London, Jonesborough, Tennessee, for the appellee, Leah H. Robinson.

### OPINION

#### BACKGROUND AND PROCEDURAL HISTORY

This matter arose in the Chancery Court of Washington County, Tennessee, when Lola Robinson[1] ("Appellant") filed suit against numerous parties, including her granddaughter, Leah M. Robinson ("Appellee").[2] At issue was a parcel of real property

_____

[1] Appellant died on March 5, 2020, and Charlotte Richards was appointed to serve as the executrix of Appellant's estate. To the extent references to Appellant herein correspond to dates after Ms. Richards' appointment, those references relate to Ms. Richards.

[2] In addition to Appellee, Appellant also sued Erica Cornett Dickenson, Robert Joseph Bobalik, State Farm Insurance Company, and Western Surety Company. After service on Ms. Dickenson and Western Surety Company, a settlement was reached with Appellant, and these parties were subsequently

located in Jonesborough, Tennessee that was owned by Appellant, her now-deceased husband, and her son, Terry Robinson.[3] Appellant's husband died in 2001, leaving only Appellant and her son as owners of the property. On or about July 2, 2018, Appellee had a quitclaim deed prepared conveying the property from Appellant and her father to her. Her father executed the deed individually and as power of attorney for his mother, Appellant. The deed was later recorded in the Register's Office for Washington County, Tennessee.

As part of her complaint, Appellant maintained that she did not sign the quitclaim deed dated July 2, 2018, and that the power of attorney granted to her son was not recorded in the Register Office for Washington County. Thus, Appellant contended that the signature appearing therein was a forgery and that the quitclaim deed should be set aside as fraudulent and invalid. Appellee filed an answer to the complaint denying Appellant's allegations of fraud.

A hearing on the matter was held on October 27, 2020. In a judgment filed December 14, 2020, the trial court found that Appellant failed to carry her burden of proof to establish that the deed was fraudulently executed. The trial court then concluded that the real property was vested in Appellee. Appellant thereafter filed a timely notice of appeal.

### ISSUES PRESENTED

Appellant raises two issues for our review on appeal, which we have restated as follows:
1) Whether the trial court erred in failing to consider Appellant's contention that she did not execute the deed and that the power of attorney used by Mr. Robinson to execute such deed on behalf of Appellant was not recorded in the Register's Office for Washington County, Tennessee.
2) Whether the trial court erred in failing to recognize that Appellant had subpoenaed a witness and said witness was not allowed access into the courtroom at the time of the hearing due to COVID-19 safety protocols.

Appellee raises only one additional issue for our review on appeal, restated as follows:
1) Whether the substantive and procedural deficiencies in Appellant's brief render her appeal frivolous such as to make an award of attorney's fees appropriate.

---

dismissed from the lawsuit. Defendants Robert Joseph Bobalik and State Farm Insurance Company filed answers to Appellant's complaint, but they were also ultimately dismissed from the case.
[3] Mr. Robinson was the father of Appellee. He died on August 11, 2019.

**DISCUSSION**

*Deficiencies Contained in Appellant's Brief*

As a threshold matter, Appellee asserts that Appellant's brief is "procedurally and [substantively] groundless and meritless." Specifically, Appellee contends that Appellant's first issue on appeal is waived due to her failure to comport with the requirements set forth in Rule 6 of the Rules of the Court of Appeals of Tennessee and Rule 27 of the Tennessee Rules of Appellate Procedure.

> Rule 6(a) of the Rules of the Court of Appeals of Tennessee provides that:
> Written argument in regard to each issue on appeal shall contain:
> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
> (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. Ct. App. R. 6(a)(1)-(4).

> Rule 27(a) of the Tennessee Rules of Appellate Procedure states:
> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

  (A)  the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on;

  (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

We agree that Appellant's brief fails to comply with both Rule 6(a) of the Rules of the Court of Appeals and Rule 27(a) of the Tennessee Rules of Appellate Procedure in a number of respects. Although some of Appellant's errors are less significant than others in the context of this Opinion,[4] we note a fundamental error on the part of Appellant with regard to her first issue on appeal. Initially, we are unsure as to what Appellant is contending as to her first issue on appeal as it is unclear whether Appellant is appealing an evidentiary issue or is contending that she presented an argument which the trial court wholly ignored. Moreover, there appears to be no argument in Appellant's brief in support of her first issue. Rather, the entire argument section is dedicated to the second issue. As we recently noted in *Johnson v. Johnson*, No. E2020-00875-COA-R3-CV, 2021 WL 1263985, at *2 (Tenn. Ct. App. Apr. 6, 2021),

> [i]t is not the role of this Court to "research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010). Rather, it is an appellant's responsibility to ensure compliance with Rule 27(a).

At best, we note that, at the conclusion of her argument as to her second issue, Appellant includes a final sentence that could potentially relate to her first issue. However, it still fails to comport with the Rules of Appellate Procedure in that it lacks citation to the record or to any statutory law or case law. Moreover, this single sentence contains no ascertainable argument as to her first issue such that we may conduct an appropriate analysis on the merits. As such, we find that Appellant's brief as to her first issue does not comport with our rules, and the issue, therefore, is waived. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) ("An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the

---

[4] For example, Appellant's table of authorities fails to include references to the pages in the brief where her authorities are cited.

- 4 -

requirements of Tenn. R. App. P. 27(a)(7).").

*Appellant's Contention that the Trial Court Improperly Disallowed Her Witness*

Appellant's second issue on appeal concerns her contention that the trial court failed to recognize that she had subpoenaed a witness and that the witness was not allowed entrance into the courthouse at the time of the hearing due to COVID-19 safety protocols and thus not allowed to testify on behalf of Appellant. For the reasons contained herein, we find this argument to be without merit.

In the current matter, there is no transcript in the record on appeal. Pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure, in the event there is no transcript of the evidence or proceedings available, "a statement of the evidence or proceedings is a reasonable alternative." Tenn. R. App. P. 24(c). Pursuant to the Rule, the appellant is to prepare the statement of the evidence and file it with the clerk of the trial court within 60 days after the filing of the notice of appeal, after which the trial judge is then charged with approving it. *Id.*; Tenn. R. App. P. 24(f). Here, Appellant filed her statement of the evidence and submitted it to the trial court for approval. However, the trial judge ultimately rejected Appellant's statement of the evidence and instead elected to file his own wherein he noted that Appellant's "declaration of the issues includes serious misstatements of the record" and that "given numerous inaccuracies, Appellant's statement of evidence is not approved by the Court." In substituting his own statement of the evidence for that of Appellant, the trial judge stated, in pertinent part:

> The [Appellant] then called [witness]. The bailiff called for [witness] in the courtroom and the lobby of the justice center; the bailiff informed the Court that no one was present by that name. [Appellant's counsel] insisted she was present and went into the hallway to locate the witness. When [Appellant's] counsel returned, he announced that the person in the lobby was not the person that he wanted. [Appellant's] counsel told the Court that he had subpoenaed [witness] to be present at the hearing to give testimony. However, upon the Court's inspection of the file, no subpoena requiring the witness's attendance was found for the October 27, 2020, trial. [Appellant's] counsel said, "[W]ell the person I thought was her was someone I didn't want." [Appellant's] counsel never informed the Court that a witness was not allowed into the George P. Jaynes Justice Center because of a COVID-19 restrictions or any other reason.

In her brief, Appellant raises as an issue on appeal that the trial court erred when it failed to recognize her subpoenaed witness and that said witness was not permitted into the courthouse and therefore not able to testify as to Appellant's case. In support of her argument, Appellant asks this Court to note a copy of a subpoena issued to her witness by the trial court, which she has attached as an exhibit to her brief. However, we find

Appellant's argument to be without merit. It is well-settled that documents that are not made part of the record in the trial court are not evidence and may not be considered by an appellate court as such. *See Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) (quoting *Threadgill v. Bd. of Prof'l Resp.*, 299 S.W.3d 792, 812 (Tenn. 2009)) ("'The law is clear that statements of fact made in or attached to pleadings [or] briefs . . . are not evidence and may not be considered by an appellate court unless they are properly made part of the record,' *i.e.,* approved by the trial court."). Here, the documents attached to Appellant's brief as an exhibit are not part of the record on appeal. Thus, we do not consider them for the purposes of Appellant's argument. Moreover, we again note the statement of the evidence submitted by the trial judge which states that the court was never informed that anyone was denied entry into the courthouse due to COVID-19 protocols.[5] We find nothing in the record on appeal to support Appellant's factual contention in this regard. Rather, based on our review of the record, the trial court provided Appellant with the opportunity to retrieve her witness, and it was *Appellant* who stated to the trial court that the witness was not present. As such, we find Appellant's argument to be unsupported by the record on appeal and without merit. Consequently, we find no error on the part of the trial court and affirm its judgment in favor of Appellee.

*Attorney's Fees*

Appellee's sole issue on appeal is whether she is entitled to attorney's fees for a frivolous appeal. Specifically, Appellee contends that Appellant's appeal is both procedurally and substantively without merit. Based on our review of the record, coupled with the deficiencies in Appellant's brief, we agree and find that Appellee is entitled to her attorney's fees for a frivolous appeal.

"A frivolous appeal is one that is devoid of merit . . . or one that has no reasonable chance of succeeding." *Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) (citing *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978); *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). Pursuant to Tennessee Code Annotated section 27-1-122, this Court may award damages against an appellant for a frivolous appeal in the form of attorney's fees or other costs incurred by an appellee as the result of an appeal. Tenn. Code Ann. § 27-1-122.

In the present case, there are fundamental deficiencies with Appellant's brief concerning her first issue brought on appeal that would render it impossible to appropriately conduct an analysis on the merits. Furthermore, Appellant's second issue relies solely on the existence of documents not included in the record on appeal, which we

---

[5] It should also be noted that in Appellant's own proposed statement of the evidence, nowhere does she contend that her witness was disallowed access into the courthouse as a result of COVID-19 protocols. Based on our review of the record, it appears Appellant is raising this issue for the first time before this Court.

may not consider. Appellant provides no citation to additional supporting facts in the record, and her recitation of the facts is directly contradictory with the statement of the evidence in the record submitted by the trial judge. As such, we find Appellant's appeal to be frivolous, and Appellee is entitled to the attorney's fees she incurred in defending against it.

## CONCLUSION

In light of the discussion herein, we affirm the trial court's judgment in favor of Appellee as to the parcel of real property at issue and remand the case to the trial court for the assessment of appellate attorney's fees in favor of the Appellee in accordance with Tennessee Code Annotated section 27-1-122.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE