IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 12, 2025 Session

## MAHDIEH SHABANIAN v. SEYED MOHAMMAD HADI HOSSEINI

**Appeal from the Circuit Court for Shelby County**
**No. CT-3814-21     Gina C. Higgins, Judge**

_____

**No. W2024-00886-COA-R3-CV**
_____

We do not reach the substantive issues because the trial court failed to make sufficient findings as required by Tennessee Rule of Civil Procedure 52.01. Vacated and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Elizabeth W. Fyke and Abigail D. Hall, Memphis, Tennessee, for the appellant, Mahdieh Shabanian.

Christina M. Burdette, Germantown, Tennessee, for the appellee, Seyed Mohammad Hadi Hosseini.[1]

## MEMORANDUM OPINION[2]

On August 21, 2006, the parties married in Tabriz, Iran. The parties are both practicing Muslims. On the day of the marriage, before the marriage ceremony took place, they both signed a "Marriage Contract." Under Islamic tradition and law, marriage contracts, called nikah agreements, must include a term whereby the husband gives something of value to the wife called the "mahr." The mahr in the parties' marriage contract provides:

---

[1] Mr. Hosseini did not file a brief in this appeal.

[2] Rule 10 of the Court of Appeals Rules provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Marriage Portion: A volume of holy Quran in value of Rls. 100,000, a mirror and a pair of candlesticks in value of R1s. 2,000,000 and 500 Full Bahar Azadi Gold Coins, due by the husband and payable to the wife upon her demand.

Wife filed her complaint for divorce on September 22, 2021. Husband filed an answer and counter-complaint for annulment or absolute divorce. On October 18, 2021, Wife filed an amended complaint. Therein, Wife asked "to be awarded alimony both pendente lite and at a final trial of this matter." Wife further alleged that

Husband has breached this marital agreement, thereby, causing harm to Wife. Because Husband breached the contract, Wife alleges Husband owes Wife the following: a volume of the Quran, one mirror, a pair of candlesticks, and five hundred (500) full Bahar Zadi Gold Coins, which amount equivalent is $265,800.00 in United States dollars.

In his answer to the amended complaint, Husband "[a]dmitted that the parties entered into a marital agreement in their home country of Iran" but "[d]enied that it is binding in the United States of America and specifically in the State of Tennessee as it is against public policy." Husband's answer does not specify what public policy the marital contract violates.

The trial court heard the case on October 6 and October 10, 2022. At the outset of the hearing, and apparently without an evidentiary hearing on the question, the trial court ruled that the parties' marital contract was not enforceable. Having not received a ruling, on January 8, 2024, Husband filed a motion for a final decree of absolute divorce. On May 21, 2024, (more than 18 months after the hearing), the trial court entered the final decree of absolute divorce. As relevant to this appeal, the trial court held that the marital contract was not enforceable either as a prenuptial agreement or as a contract. The trial court awarded Wife "alimony in the amount of $1,000 per month for a period of two (2) years." Wife filed a timely notice of appeal on June 18, 2024.

Wife raises three issues for review as stated in her brief:

I. Whether the Circuit Court of Shelby County, Tennessee committed reversible error to the extent that it failed to enforce the Mahr Provision of the parties' marriage contract.
II. Whether the Circuit Court of Shelby County, Tennessee committed reversible error in its award of alimony to the Appellant as to the monthly amount and duration.
III. Whether Appellant should be awarded attorney fees pursuant to this appeal.

We do not reach the substantive issues because the trial court failed to make sufficient findings as required by Tennessee Rule of Civil Procedure 52.01. The Rule states that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specifically and shall state separately its conclusions of law and direct the entry of an appropriate judgment." Tenn. R. Civ. P. 52.01. In rendering its findings of fact and conclusions of law, the trial court "has a duty to ensure that its rulings are adequately explained." *Wallace v. Wallace*, No. M2022-01279-COA-R3-CV, 2023 WL 7919928, at *7 (Tenn. Ct. App. Nov. 16, 2023), (quoting *Vaughn v. DMC-Memphis, LLC*, No. W2019-00886-COA-R3-CV, 2021 WL 274761, at *11 (Tenn. Ct. App. Jan. 27, 2021)). This is to avoid a situation in which an appellate court is "left to guess as to why the trial court reached its conclusion." *Id*. (quoting *Calzada v. State Volunteer Mut. Ins. Co.*, No. M2020-01697-COA-R3-CV, 2021 WL 5368020, at *8 (Tenn. Ct. App. Nov. 18, 2021)).

> While there is no bright-line test by which to assess the sufficiency of the trial court's factual findings, the general rule is that the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.

*Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (internal citations omitted).

Turning to the trial court's final decree of divorce, concerning the enforcement of the parties' marital contract, the trial court held:

> IT FURTHER APPEARS to the Court that the parties' Islamic Marriage Certificate does not meet the requirements of a prenuptial agreement pursuant to Tennessee Code Annotated § 36-3-501, which requires such agreements to have been entered into by the parties freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either party;

> IT FURTHER APPEARS to the Court that the parties' Islamic Marriage Certificate is unenforceable as a contract because it is contrary to the public policy of the State of Tennessee, therefore, the terms of the contract, specifically, the Mahr provision, cannot be enforced[.]

The trial court first concludes that the parties' marital contract is not enforceable because it does not comply with Tennessee Code Annotated section 36-3-501.[3]  Although

---

[3] Tennessee Code Annotated section 36-3-501 provides, in relevant part, that "any antenuptial or prenuptial agreement entered into by spouses concerning property owned by either spouse before the marriage that is the subject of such agreement shall be binding upon any court having jurisdiction over such

the trial court correctly states that the statute requires such "agreements to have been entered into by the parties freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either party," the trial court does not specifically find that either party was under duress or undue influence at the time the marital contract was signed, nor does the trial court specify any other violations of section 36-3-501. The questions of whether the parties entered into the agreement freely, in good faith, and without duress or undue influence are factual inquiries. *See, e.g., In re Estate of Dates*, No. W2024-00488-COA-R3-CV, 2024 WL 5245289 at *3 (Tenn. Ct. App. Dec. 30, 2024) ("[W]hether undue influence has occurred is a question of fact."). Again, the trial court ruled on the enforceability of the parties' marital contract without hearing evidence on the question of compliance with section 36-3-501. Although the parties were allowed to file pre-trial briefs on the question, these briefs were not evidence. *Reid v. Reid*, 388 S.W.3d 292, 295 (Tenn. Ct. App. 2012) (explaining that statements of fact made in briefs are not evidence). Accordingly, in the absence of an evidentiary hearing with the opportunity to introduce and develop facts concerning the enforceability of the marital contract as a prenuptial agreement, there is no support in the record for the trial court's conclusion that the parties' agreement fails to comport with section 36-3-501.

The trial court also held that the marital contract was not enforceable as a contract because it is against public policy. However, the order fails to specify what public policy the agreement violates. Again, the parties' briefs are not evidence, and in the absence of a specific finding concerning what public policy is violated by enforcement of the martial contract, we are "left to wonder" about the basis for the trial court's conclusion that the marital agreement is not enforceable in contract. *In re Houston D.,* 660 S.W.3d 704, 721 (Tenn. Ct. App. 2022). This Court has declined to speculate as to a trial court's rationale when we cannot discern the basis for the trial court's decision. *See, e.g., Lugo v. Lugo*, No. W2020-00312-COA-R3-CV, 2021 WL 507889, at *5 (Tenn. Ct. App. Feb. 10, 2021). Specifically, we have explained:

> "It is this Court's purview to review, not assume or speculate. Without any facts in the trial court's order, we are forced to guess at the rational[e] the trial court used in arriving at its decision. This we cannot do. Accordingly, we conclude that the trial court did not comply with Tennessee Rule of Civil Procedure 52.01."

*Id*. (quoting *Harthun v. Edens*, No. W2015-00647-COA-R3-CV, 2016 WL 1056960, at *5 (Tenn. Ct. App. Mar. 17, 2016)).

---

spouses and/or such agreement if such agreement is determined, in the discretion of such court, to have been entered into by such spouses freely, knowledgeably and in good faith and without exertion of duress or undue influence upon either spouse. The terms of such agreement shall be enforceable by all remedies available for enforcement of contract terms."

Turning to the trial court's award of spousal support, the trial court's order states only: "IT FURTHER APPEARS to the Court that Husband should pay Wife alimony in the amount of $1,000 per month for a period of two (2) years." Tennessee law recognizes four types of spousal support: (1) alimony in futuro, also known as periodic alimony; (2) alimony in solido, also known as lump-sum alimony: (3) rehabilitative alimony; and (4) transitional alimony. Tenn. Code Ann. § 36-5-121(d); *Mayfield v. Mayfield*, 395 S.W.3d 108, 115 (Tenn. 2012). Here, the trial court did not specify the type of alimony awarded. Based on the fact that the award was "for a period of two (2) years," we may reasonably infer that the type of alimony was either transitional or rehabilitative, but we are left to speculate beyond this inference. More problematic is the trial court's failure to make written findings concerning the statutory factors set out at Tenn. Code Ann. § 36-5-121(i). The statute mandates that, "[i]n determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors," which are enumerated in the statute. Tenn. Code Ann. § 36-1-121(i). Here, the trial court's order does not mention the statutory factors, and, again, we are "left to wonder" about the basis for the trial court's decision regarding alimony. *In re Houston D.,* 660 S.W.3d at 721. "Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Rule 52.01 is to 'vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law.'" *Manning v. Manning*, 474 S.W.3d 252, 260 (Tenn. Ct. App. 2015) (quoting *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011)). Here, it is necessary to vacate the trial court's final decree of divorce *in toto* because any change in the trial court's rulings concerning the enforcement of the parties' agreement and/or the award of spousal support may affect the overall division of martial property. On remand, the trial court should reopen proof and conduct an evidentiary hearing concerning enforceability of the marital contract. In view of our holding, Wife's request for appellate attorney's fees is denied.

The trial court's final decree of divorce is vacated. Appellant's request for appellate attorney's fees is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Mahdieh Shabanian, and one-half to the Appellee, Seyed Mohammad Hadi Hosseini. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE