IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 13, 2024 Session

## DORA RATHBONE BROWN, ET AL. v. JAMES H. FITCHORN, ET AL.

**Appeal from the Chancery Court for Cocke County**
**No. 2021-CV-91     James H. Ripley, Chancellor**

_____

**No. E2024-00477-COA-R3-CV**
_____

Pro se appellant appeals from an order to partition real property. Due to the deficiencies in the appellant's brief, including the lack of any specific issues for appellate review, we dismiss the appeal. We also conclude the appeal is frivolous and remand for an assessment of damages.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Marilyn K. Raines Troutman, Waynesville, Missouri, pro se appellant.

Michael M. Thomas and W. Neil Thomas, III, Chattanooga, Tennessee, for the appellees, Gary Wesley Bates, Paul Ray Bates, and Judy K. Bates.

# MEMORANDUM OPINION[1]

## I. BACKGROUND

This appeal concerns a certain parcel of real property in Cocke County, Tennessee. Isaac Gilbert Raines, the property's original owner, was born in 1881 and died intestate in 1939. Isaac Raines was survived by several children, one of whom was Ferman Raines. This action commenced on December 17, 2021, by the filing of a complaint for partition in the Chancery Court of Cocke County ("trial court"). The complaint was filed by Dora Rathbone Brown and Dwight Brady Raines and named 73 individuals and the unknown heirs of 5 deceased individuals as defendants. The trial court entered an order of sale on February 1, 2023.

Pro se Appellant Marilyn K. Raines Troutman was born in 1959 in Pulaski County, Missouri, to Eva Huff and Ferman Raines. Paul, Gary, and Judy Bates are the Appellees in this matter. The appellate record contains a decree of equitable adoption dated October 19, 1989. By said decree, the circuit court of Pulaski County, Missouri, ordered as follows:

> That Gary Wesley Bates, Paul Ray Bates, Judy Kay Bates and Alvin W. Bates are declared to be the children of Ferman Rufus Raines as though born to him in lawful wedlock, by virtue of said oral adoption agreement, and by virtue of said petitioners having fully performed all matters and things pertaining to said adoption of them by Ferman Rufus Raines.
> . . .
> [T]hat Gary Wesley Bates, Paul Ray Bates, Judy Kay Bates and Alvin W. Bates are hereby declared and found to be the lawful heirs of Ferman Rufus Raines for all intents and purposes including, but not limited to, the right to be recognized as lawful heirs of the Estate of the Said Ferman Rufus Raines, together with Marilyn K. Troutman and Michael Raines.

The decree of equitable adoption lists Appellant and Michael Raines as having appeared in the case before the Circuit Court of Pulaski County, Missouri. However, in the instant litigation, Appellant maintains that "Ferman Raines was not their father and did not adopt Paul, Gary, [and] Judy Bates. I am the only living Heir of Ferman Raines." The last will and testament of Appellant's mother, Eva M. Raines, dated June 28, 1985, provides, in

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

part:

> In the event my said husband, FERMAN RAINES, shall not survive me, I give, devise and bequeath all the rest, residue and remainder of my estate and property, absolutely and forever, in equal shares, to my children, ALVIN BATES, JUDY BATES, GARY BATES, PAUL BATES, MARILYN RAINES TROUTMAN and MICHAEL RAINES, per stirpes and not per capita. I hereby instruct my Personal Representative [Marilyn Raines Troutman] to sell all the rest, residue and remainder of my property and distribute the proceeds amongst my six children.

The appellate record also contains a settlement agreement filed in the Circuit Court of Pulaski County, Missouri, on October 17, 1989, and again filed in the trial court in 2024. The settlement agreement is between Appellant in her capacity as personal representative of the estate of Ferman R. Raines and Appellees and Alvin W. Bates as petitioners in that action. The settlement agreement was executed by Appellant and states that she agreed to "sign a consent to the Petition filed by Petitioners so the equitable adoption decree shall be entered in favor of Petitioners."

The trial court referred this action to Special Master Candice Mendez to determine the heirs and their respective ownership interests in the real property. The Special Master held a May 5, 2023, hearing. By recommendation dated October 13, 2023, the Special Master found that Appellant and Appellees, among many other individuals, possessed ownership interests in the real property. On February 28, 2024, the trial court heard testimony. The appellate record does not contain a transcript of this or any hearing. By order entered March 18, 2024, the trial court adopted the Special Master's recommendation and its findings as to the various ownership interests in the property. In its order, the trial court noted: "On February 28, 2024, this Court held a hearing as to any objections to the Special Master's report. No objections were filed. [Appellant] appeared and objected to the finding that the Special Master found that her stepsiblings had been adopted by Ferman Raines." As relevant to this appeal, ultimately, the trial court held that Appellant and Appellees were "the only heirs of Ferman Raines." The trial court found that Appellant and Appellees Gary Bates and Paul Bates each possessed a 3.34% interest in the property and that Appellee Judy Bates possessed a 6.64% interest in the property. Appellant now appeals.

## II.    ISSUES

Appellant does not raise any specific issue for review in her brief entitled "Motion of Narrative." Appellees raise the following dispositive issues in their brief:

(1) Whether the Appellant waived her right to Appellate Court review when she

- 3 -

failed to properly comply with T.R.A.P., Rule 27 by failing to present a statement of issues presented for review or provide any citations of authority and citations to the record, among other compliance issues.

(2) Whether this Court should find the Appeal to be frivolous and award the Appellees their costs and attorney fees when the Appellant failed to follow the requirements of Tenn. R. App. P., Rule 27 and the Appellant failed to appeal any justiciable issues.

## III. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## IV. DISCUSSION

*Whether the Appeal Should Be Dismissed*

In her brief, Appellant does not state any specific issue for review. She maintains that "Ferman Raines never told the Bates' he would adopt them. Why would a dead man adopt them. They said they had proof [but] there was never any evidence offered up in the hearing." Appellees urge this Court to hold that Appellant has waived her arguments because her brief substantially fails to comply with the Rules of Appellate Procedure. We agree that Appellant's brief contains several deficiencies which flout the applicable Rules and hinder our ability to ascertain the gravamen of her arguments or to meaningfully review this case.

Tennessee Rule of Appellate Procedure 27 instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a). Additionally, Rule 6 of the Tennessee Court of Appeals states in part:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is

recorded.

> (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
>
> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(a), (b). "Pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). It is well-settled that "[w]hile a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, [p]ro se litigants are not . . . entitled to shift the burden of litigating their case[s] to the courts." *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (internal citations omitted). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003).

Respectfully, Appellant's brief does not comply with a single one of Rule 27's requirements or those of Rule 6. Fatally, there is no statement of the issues presented for review. Tenn. R. App. P. 27(a)(4); Tenn. Ct. App. R. 6(a)(1). A statement of the issues presented for review is "an integral portion of an appellate brief as issues that are not properly designated are generally waived even when argued in the body of the brief." *Augustin v. Bradley Cnty. Sheriff's Off.*, 598 S.W.3d 220, 226 (Tenn. Ct. App. 2019).

Furthermore, although Appellant presents her account of the family history and her recollection of what took place in the trial court, she does not present a statement of facts setting forth the facts relevant to any issues presented for review with appropriate references to the record. Tenn. R. App. P. 27(a)(6). Because there are no references to the record and no transcript, we cannot discern which portions of Appellant's factual narrative were properly before the trial court. This court considers the materials that are properly in the record from the trial court. *See* Tenn. R. App. P. 24(g); *Reid v. Reid*, 388 S.W.3d 292, 294 (Tenn. Ct. App. 2012) ("[W]e may only consider the record from the trial court."); *Richmond v. Richmond*, 690 S.W.2d 534, 535 (Tenn. Ct. App. 1985) ("This is a court of errors and appeals in which matters below are reviewed when presented by a duly authenticated record brought to this court pursuant to the Tennessee Rule[s] of Appellate Procedure."). Further, it is axiomatic that bare allegations and factual averments in dispute are not evidence. *See, e.g.*, *Threadgill v. Bd. of Prof'l Responsibility*, 299 S.W.3d 792, 812 (Tenn. 2009), overruled on other grounds by *Lockett v. Bd. of Prof'l Responsibility*, 380

S.W.3d 19 (Tenn. 2012) ("The law is clear that statements of fact made in or attached to pleadings, briefs, and oral arguments are not evidence and may not be considered by an appellate court unless they are properly made part of the record."); *Doe v. Mama Taori's Premium Pizza, LLC*, No. M1998-00992-COA-R9-CV, 2001 WL 327906, at *1 n.2 (Tenn. Ct. App. Apr. 5, 2001) (noting that allegations contained in parties' pleadings are not evidence and the requirement that litigants "present competent evidence to prove the factual averments in their respective pleadings" at trial); Tenn. R. App. P. 13(c).

Moreover, Appellant's brief does not contain a legal argument setting forth her contentions with respect to a specific issue presented. Tenn. R. App. P. 27(a)(7). Although it is obvious that Appellant is displeased by the trial court's judgment, the briefing lacks an explanation as to why any of Appellant's contentions require appellate relief. For example, Appellant broadly faults the trial court because it "did not read or consider any of the letters and evidence I filed with the court," without referencing the record or elaborating. "It is not the role of this Court to analyze every ruling by the trial court . . . just in case the appellant intended to challenge it on appeal." *Cartwright v. Jackson Cap. Partners, Ltd. P'ship*, 478 S.W.3d 596, 615–16 (Tenn. Ct. App. 2015).

Likewise, Appellant's brief contains no citations to any relevant authorities; no appropriate references to the record relied on; and no concise statement of the applicable standard of review for any issue. Tenn. R. App. P. 27(a)(7). On October 30, 2024, Appellant filed a reply brief which contains some disjointed case citations. It is well-settled that appellants may not raise new issues in their reply briefs or use reply briefs to correct deficiencies in initial briefs. *See, e.g.*, *Adler v. Double Eagle Properties Holdings, LLC*, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) (ruling that a reply brief could not correct the errors in an initial brief); *Denver Area Meat Cutters & Emp'rs Pension Plan v. Clayton*, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006) (refusing to consider an argument raised for the first time in a reply brief).

Ordinarily, "failure to comply with the Rules of Appellate Procedure and the Rules of this Court" constitutes a waiver of the issues raised by the appellant. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Also, waiver may occur when an issue is designated, but not addressed or only minimally developed in the argument section of the appellant's brief. "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean*, 40 S.W.3d at 55; *see also Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."). Simply put, "'[a]n issue may be deemed waived, even when it has

been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012).

For the reasons set forth above, we conclude that Appellant has failed to comply with Tennessee Rule of Appellate Procedure 27(a) and Rule 6 of the Rules of the Court of Appeals. Because Appellant's brief falls quite short of meeting the requirements of the mandatory rules, she has waived appellate review.

*Frivolous Appeal*

Appellees also contend that Appellant has filed a frivolous appeal, rendering her liable for damages to them on appeal pursuant to Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122.

The decision whether to award damages for a frivolous appeal rests solely in our discretion. *Chiozza*, 315 S.W.3d at 493. Appellate courts exercise their discretion to award fees under this statute "'sparingly so as not to discourage legitimate appeals.'" *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017) (quoting *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006)). "'Successful litigants should not have to bear the expense and vexation of groundless appeals.'" *Whalum*, 224 S.W.3d at 181 (quoting *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977)). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

This appeal had no prospect of success because no specific issue was identified for review. Appellant pursued the appeal relying on a brief that significantly fails to comply with the requirements of Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee. Appellant does not address, with reference to relevant authority and to the record, the order actually appealed from. With all of the above considerations in mind and exercising our discretion, we grant Appellees' request for attorney fees incurred on appeal, the amount of which the trial court shall determine upon remand.

## V. CONCLUSION

For the foregoing reasons, the appeal is dismissed. The case is remanded for such further proceedings as may be necessary and consistent with this opinion, including a determination of the proper amount of appellate attorney fees and entry of judgment thereon. Costs of the appeal are taxed to the appellant, Marilyn K. Raines Troutman, for which execution may issue if necessary.

_____
JOHN W. McCLARTY, JUDGE